CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RKu

FEB 15 2012

JULIA C. DUDLEY, CLERK
BY: HMcDonado
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PAUL A. LOVINGS, | ) | Civil Action No. 7:11-cv-00325 |
|     Petitioner, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | By:   Hon. Jackson L. Kiser |
| WARDEN-ROSP, | ) |         Senior United States District Judge |
|     Respondent. | ) | |

Paul A. Lovings, a Virginia inmate proceeding pro se, filed an action seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner challenges the validity of disciplinary proceedings against him by the Virginia Department of Corrections. Respondent filed a motion to dismiss, and petitioner filed a motion to stay, making the matter ripe for disposition. After reviewing the record, I deny petitioner's motion to stay, grant respondent's motion to dismiss, and dismiss the petition without prejudice as unexhausted.

I.

Petitioner first filed a self-styled petition that the court conditionally filed. The court ordered petitioner to file a new habeas petition that substantially followed the form petition and was signed under penalty of perjury. Petitioner complied and filed his amended petition.

The amended petition challenges events related to petitioner's confinement and disciplinary hearing procedures. Petitioner argues in his first claim that respondent does not allow access to various rehabilitative programs that could allow him to earn extra good time credit toward a speedier release. (Br. Supp. Pet. (no. 15-1) 2-4.) He argues in his second claim that his receipt in October 2010 of a blank disciplinary report and blank penalty offer violated due process by denying him an ability to call witnesses, present documentary evidence, or call a staff advisor. (Id. 5-6.) The third claim alleges a violation of due process during petitioner's

November 2010 disciplinary hearing when the disciplinary hearing officer took away his blank disciplinary report and blank penalty offer. (Id. 6-7.) Petitioner argues in his fourth claim that the appeal affirming his institutional conviction violated due process because it incorrectly determined petitioner received a detailed disciplinary report and plea offer. (Id. 7-8.) In his fifth claim, petitioner complains he received contradictory information about whether the institutional conviction would appear on his institutional record. (Id. 8-9.) His sixth claim alleges that he did not receive documents about the change in his institutional classification from level I to level III because of the November 2010 institutional conviction. (Id. 9.) Petitioner complains in his seventh claim that a regional director did not vacate his institutional conviction on appeal. (Id. 9-10.) Petitioner specifically alleges in his eighth claim that VDOC staff did not follow VDOC policies, which petitioner generally alleges in the other claims. (Id. 10-11.) His ninth claim alleges that his institutional conviction was based on a correctional officer's false testimony.

Respondent requests dismissal of the petition because petitioner did not present these claims to the Supreme Court of Virginia. Soon after receiving a copy of respondent's motion to dismiss, petitioner allegedly filed a state habeas petition with the Supreme Court of Virginia that raises the same claims presently before me. Petitioner then filed his response to respondent's motion to dismiss in this court and asked me to stay his unexhausted federal habeas petition. Petitioner admitted he did not present his claims to the Supreme Court of Virginia, but he did not explain any good cause to excuse his failure to exhaust state court remedies. In light of his pro se status, the court permitted him twelve days to establish good cause to warrant staying his petition.

After receiving a thirty-day extension of time, petitioner filed a motion to stay to establish good cause. Petitioner acknowledges that "he did not research the laws to allow him t[o] exhaust[] under state law." (Mot. Stay (no. 34) 5.) Petitioner also describes how he wanted to use the federal docket as an archive for all his legal documents because he was afraid prison officials would destroy his paperwork. Petitioner alleges that the district court "erred when it concluded this claim was exhausted for federal habeas corpus purposes." (Id. 7.) Petitioner does not want to pay another $5.00 filing fee to refile a federal habeas action once he exhausts state court remedies.

## II.

A federal court may not grant a § 2254 habeas petition unless the petitioner exhausted the remedies available in the courts of the state in which he was convicted. 28 U.S.C. § 2254(b); Preiser v. Rodriguez, 411 U.S. 475 (1973); Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, a non-death row convict can exhaust state remedies in one of three ways, depending on the nature of the claims raised. First, the convict can file a direct appeal to the Virginia Court of Appeals with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against the convict. VA. CODE § 17.1-411. Second, the convict can attack the conviction collaterally by filing a state habeas petition with the circuit court where the convict was convicted and appealing an adverse decision to the Supreme Court of Virginia. Id. § 8.01-654(A)(1); Va. Sup. Ct. R. 5:9(a). Finally, the convict can exhaust remedies by filing a state habeas petition directly with the Supreme Court of Virginia. VA. CODE § 8.01-654(A)(1). Whichever route the convict

chooses to follow, it is clear that the convict ultimately must present the claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider the claims. A federal habeas petitioner cannot have exhausted state remedies if the petitioner has the right under state law to raise the question presented by any available procedure and fails to do so. 28 U.S.C. § 2254(c).

Petitioner admits that he had not exhausted state-court remedies when he instituted this action. Unexhausted habeas petitions are most often subject to dismissal without prejudice so petitioner may return to state court and present the claims there. Petitioner does not want his petition dismissed without prejudice and requests a stay of the proceedings.

A district court has the discretion to "stay and abey" an unexhausted habeas petition.

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

Rhines v. Weber, 544 U.S. 269, 277 (2005). A district court should not permit stay and abey when it would undermine § 2254's mandatory two-step process of exhausting state court remedies before pursuing federal habeas relief. "Staying a federal habeas petition frustrates [§ 2254(d)]'s objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines [§ 2254(d)]'s goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition."[1] Id.

---

[1] Section 2254(d) sets a one-year statute of limitations to file a federal habeas action via § 2254. The statute, however, tolls the one-year limitations period when a petitioner properly filed an application for State post-conviction or other collateral review. . . ." 28 U.S.C. § 2254(d). Accordingly, § 2254(d) encourages petitioners to

Petitioner fails to establish good cause to excuse his failure to exhaust state court remedies and to stay this case for several reasons. First, the court did not hold, as petitioner claims, that petitioner exhausted his claims. Second, avoidance of the $5.00 filing fee is a wholly inappropriate reason to stay a habeas petition. Petitioner reported that he earned $32.00 per month, and he could likely afford a second $5.00 filing fee. Even if petitioner could not afford the $5.00 filing fee, he could request to proceed in forma pauperis to not pay the $5.00 filing fee. Third, whether I stay this action is not related to petitioner's ability to use the docket as his document archive. Petitioner and the public may retrieve documents from the docket at any time by paying a nominal fee to the Clerk. Fourth, petitioner's inability to research the laws and rules governing § 2254 petitions is not a valid excuse to stay this action. Permitting incarcerated, pro se habeas petitioners to stay unexhausted § 2254 petitions because they do not know the law would cause the de facto abandonment of the exhaustion requirement. Even pro se parties must "stop, think and investigate more carefully before serving and filing papers." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 398 (1990), superseded in part by Fed. R. Civ. P. 11(c)(2). Accordingly, petitioner fails to establish good cause to stay his unexhausted habeas petition, and I dismiss the petition without prejudice.

### III.

For the foregoing reasons, I deny petitioner's motion to stay, grant respondent's motion to dismiss, and dismiss the petition for a writ of habeas corpus without prejudice. Based upon the finding that petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

---

first properly file their claims in state courts to receive statutory tolling of the time to file their federal § 2254 habeas petitions.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for respondent.

ENTER: This 15th day of February, 2012.

*/s/ Jackson L. Kiser*
Senior United States District Judge